RECEIVED
FEB 05 2020
CLERK
U.S. DISTRICT COURT
MINNEAPOLIS, MINNESOTA

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| PAUL HANSMEIER, <br><br> Appellant, <br><br> v. <br><br> RANDALL SEAVER, <br><br> Appellee. | 0:20-cv-219 (WMW) <br><br> On appeal from the U.S. Bankruptcy Court for the District of Minnesota, 19-ap-4194 |

APPELLANT'S OPENING BRIEF

Date: February 1, 2020

Paul Hansmeier
Reg. No. 20953-041
FCI-Sandstone, Unit K3
PO Box 1000
Sandstone, MN 55072

SCANNED
FEB 05 2020
U.S. DISTRICT COURT MPLS

RECEIVED
FEB 05 2020
CLERK
U.S. DISTRICT COURT
MINNEAPOLIS, MINNESOTA

JURISDICTIONAL STATEMENT

The bankruptcy court had subject matter jurisdiction over Hansmeier's claim for breach of contract pursuant to its "related to" jurisdiction. See Hansmeier v. Chowdhury, 597 B.R. 89, 94-96 (D. Minn. 2019) (describing "related to" jurisdiction). Hansmeier's claim arises from the Chapter 7 Trustee's breach of a settlement agreement approved by the bankruptcy court in a prior adversary proceeding. This Court has subject matter jurisdiction over this appeal pursuant to 28 U.S.C. §158. This appeal is from a final order of the bankruptcy court entered on January 7, 2020. Hansmeier's timely notice of appeal was docketed on January 15, 2020.

SCANNED
FEB 05 2020
U.S. DISTRICT COURT MPLS

## STATEMENT OF ISSUES

1. Did the bankruptcy court err by dismissing Hansmeier's claim for breach of contract for lack of subject matter jurisdiction?

   —This Court reviews dismissals for lack of subject matter jurisdiction de novo. See Chowdhary v. Hansmeier, 597 B.R. 89, 94-95 (D. Minn. 2019).

2. Should the bankruptcy court's dismissal have been made <u>without</u> prejudice?

   — This issue is subject to de novo review. See id.

3. Did the bankruptcy court err by dismissing Hansmeier's claim for breach of contract for failure to state a claim?

   — This issue is subject to de novo review. See id.

RECEIVED
FEB 05 2020
CLERK
U.S. DISTRICT COURT
MINNEAPOLIS, MINNESOTA

## STATEMENT OF THE CASE

The bankruptcy court granted a motion to dismiss Hansmeier's complaint for lack of subject matter jurisdiction and for failure to state a claim. Accordingly, the following discussion will focus on the allegations in Hansmeier's complaint.

Hansmeier was the plaintiff in an adversary proceeding against Booth Sweet LLP and Sandipan Chowdhury, Compl. ¶ 5. The parties reached a settlement in that proceeding. Id. ¶ 6. Pursuant to that settlement, Booth Sweet LLP and Chowdhury agreed to pay Hansmeier and the estate a total of $150,000. Id. ¶ 7. Pursuant to a prior bankruptcy court order, Hansmeier and the estate were to split the $150,000 evenly. Id. ¶ 8. The parties agreed that the payment of the $150,000 would initially be made to the Chapter 7 Trustee. Id. ¶ 9. As part of the settlement, the Chapter 7 Trustee

-3-

agreed to transfer $75,000 to Hansmeier within three (3) business days of the bankruptcy court's approval of the settlement agreement. Id. ¶ 10. The bankruptcy court approved the settlement agreement, but the Chapter 7 Trustee failed to transfer $75,000 to Hansmeier. Id. ¶ 12. Hansmeier's complaint contained a series of allegations aimed at rebutting the Chapter 7 Trustee's anticipated affirmative defense, Id. ¶¶ 14-29, arising from a district court order dated June 24, 2019.

As a result of the Chapter 7 Trustee's failure to transfer $75,000 to Hansmeier, Hansmeier brought suit against the Chapter 7 Trustee. Hansmeier's complaint alleged a single claim — a claim for breach of contract. The bankruptcy court granted the Chapter 7 Trustee's motion to dismiss for lack of subject matter jurisdiction and for failure to state a claim. This appeal followed.

## SUMMARY OF ARGUMENT

The bankruptcy court erred by dismissing Hansmeier's complaint for lack of subject matter jurisdiction. Courts regularly review government action to determine whether that action would establish the impossibility defense to breach of contract. The bankruptcy court did not identify and Hansmeier is unaware of any reason why the bankruptcy court lacked the power to conduct this routine review.

To the extent this Court disagrees, then the bankruptcy court erred by dismissing Hansmeier's claim for breach of contract <u>with</u> prejudice. Hornbook law provides that jurisdictional dismissals must be made <u>without</u> prejudice.

The bankruptcy court erred by dismissing Hansmeier's complaint for failure to state a claim. The allegations in Hansmeier's complaint easily surpass the requirements for pleading a claim for breach of contract,

-5-

particularly in light of the liberal construction given to complaints filed by pro se prisoners, such as Hansmeier. The bankruptcy court's focus on the district court's June 24, 2019 order was premature at the motion to dismiss stage. The impossibility defense to breach of contract is a fact-intensive inquiry that requires a developed record, and which was not properly resolved at the motion to dismiss stage.

[intentionally left blank]

# ARGUMENT

The bankruptcy court had subject matter jurisdiction to reach the merits of Hansmeier's claim for breach of contract. If this Court disagrees, then the Court should reverse the bankruptcy court's order and remand so that the dismissal may be ordered without prejudice. Hansmeier's complaint stated a claim for breach of contract upon which relief may be granted.

## I. The bankruptcy court had subject matter jurisdiction to reach the merits of Hansmeier's claim for breach of contract.

The bankruptcy court had subject matter jurisdiction to reach the merits of Hansmeier's claim for breach of contract. The bankruptcy court correctly held that Hansmeier's claim for breach of contract fell within its "related to" jurisdiction; Hansmeier's claim relates to the breach of a settlement agreement approved by the bankruptcy court in a prior adversary proceeding. This point was uncontested below.

The bankruptcy court nevertheless found that it lacked subject matter

-7-

jurisdiction to reach the merits of Hansmeier's claim for breach of contract. The bankruptcy court appeared to be concerned about impermissibly interfering with the district court's June 24, 2019 order. The bankruptcy court's concern was misplaced. This is true for at least two reasons.

First, the elements of Hansmeier's claim for breach of contract do not implicate the district court's June 24, 2019 order. To prove his claim for breach of contract, Hansmeier was required to show that the Trustee was under a contractual duty to perform and that he failed to perform. Hansmeier's showing that the Trustee agreed to transfer $75,000 and that the Trustee did not transfer $75,000 to Hansmeier can be made without reference to the district court's June 24, 2019 order. The district court's June 24, 2019 order only became relevant when the Trustee invoked it as an affirmative defense. If anything, the bankruptcy court lacked jurisdiction over the Trustee's defense.

-8-

Second, and perhaps more to the point, courts regularly review government actions to determine whether those actions support a defense to a claim for breach of contract. This review does not involve "reversing" or "modifying" the government action. Rather, this review involves analyzing the action and the circumstances surrounding the action to determine whether the facts support the defense of impossibility. Thus, for example, courts regularly review changes in the law, adverse regulatory agency decisions, and court orders to determine whether those actions excuse a defendant's nonperformance. Nothing about this review requires a court to change what happened in the past. See, e.g., EnXco Dev. Corp. v. N. States Power Co., 758 F.3d 940, 945-46 (8th Cir. 2014) (affirming district court's rejection of impossibility defense in the context of adverse government action).

II. If the Court finds lack of jurisdiction, then it should order a dismissal without prejudice.

Hornbook law dictates that dismissals for lack of jurisdiction be made without prejudice. See Dalton v. NPC Int'l, Inc., 932 F.3d 693 (8th Cir. 2019) (reversing judgment dismissing with prejudice on jurisdictional grounds and directing district court to enter judgment without prejudice). The bankruptcy court's dismissal for lack of jurisdiction should be reversed and entered without prejudice.

III. Hansmeier's complaint stated a claim for breach of contract upon which relief may be granted.

Hansmeier's complaint stated a claim for breach of contract upon which relief may be granted. Under Minnesota law, which governed the settlement agreement, a breach of contract exists where: (1) a contract has been formed; and (2) the defendant breaches the contract. See Trebelhorn v. Argawal, 905 N.W.2d 237, 246 (Minn. Ct. App. 2017). No

-10-

one disputes that Hansmeier's complaint alleged facts sufficient to show the formation of a contract and a breach of the contract.

The bankruptcy court nevertheless dismissed Hansmeier's complaint for failure to state a claim, holding that the district court's June 24, 2019 order was a complete defense to Hansmeier's claim for breach of contract. It is unclear how the bankruptcy court reached this conclusion based on the allegations in Hansmeier's complaint. Hansmeier's complaint referenced the order, but all of the allegations in Hansmeier's complaint regarding the order tend to undermine the order. Taken as true, the allegations in Hansmeier's complaint show that the district court's June 24, 2019, order was issued without any of the requirements of Due Process, including notice, service of process or an opportunity to be heard,— which would tend to render any such order void. Hansmeier's complaint further alleged that the district court's order was foreseeable to the Chapter 7 Trustee and that the Trustee could have avoided compliance with the order if he had defended against it. Finally, nothing in Hansmeier's complaint

-11-

can be interpreted as a concession that the plain text of the June 24, 2019 order made it impossible for the Chapter 7 Trustee to transfer $75,000 per the parties' contract; all the order did was order some funds transferred to the district court. The order was silent as to what should be done with the remaining funds and did not contain a prohibition against transferring funds to Hansmeier. In short, there was no basis for the bankruptcy court to conclude from the allegations in Hansmeier's complaint that the district court's June 24, 2019 order made it impossible to comply with the parties' settlement agreement. Cf. In re Mr. Movies, Inc., 287 B.R. 178, 186 (Bankr. D. Minn. 2002)(engaging in fact-intensive analysis of "impossibility" defense to breach of contract which would be inappropriate on a Rule 12(b)(6) motion to dismiss); enXco Dev. Corp. v. N. States Power Co., 758 F.3d 940, 945-46 (8th Cir. 2014)(holding that foreseeable government action did not support an "impossibility" defense to breach of contract); United Tech. Comm'n Co. v. Washington County Board, 624 F. Supp. 185, 190

-12-

(D. Minn. 1985)(noting that the "court order" defense to breach of contract as "akin to the impossibility defense to breach of contract actions."). The bankruptcy court erred by dismissing Hansmeier's complaint with prejudice.

[intentionally left blank]

CONCLUSION

The Court should reverse the Bankruptcy Court's January 7, 2020 order and remand for further consistent proceedings.

Respectfully submitted,

Dated: February 1, 2020

*[signature]*

Paul Hansmeier
Reg. No. 20953-041 Unit K3
FCI Sandstone
P.O. Box 1000
Sandstone, MN 55072

-14-