CASE NO.: 20-CV-219-MWM

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Paul Hansmeier,
*Appellant*,
v.
Randall L. Seaver, Chapter 7 Trustee,
*Appellee*,
v.
United States of America,
*Appellee*

Appeal of Order Dismissing Adversary Proceeding with Prejudice
from the United States Bankruptcy Court
for the District of Minnesota

**BRIEF OF APPELLEE,
RANDALL L. SEAVER, CHAPTER 7 TRUSTEE**

Christopher R. Morris (MN #230613)
Jeffrey D. Klobucar (MN #389368)
**BASSFORD REMELE, P.A.**
100 South 5th Street, Suite 1500
Minneapolis, MN 55402-1254
612-333-3000
cmorris@bassford.com
jklobucar@bassford.com

*Attorneys for Appellee
Randall L. Seaver, Chapter 7 Trustee*

# **TABLE OF CONTENTS**

                                                                        **Page**

TABLE OF AUTHORITIES ................................................................................... ii

STATEMENT REGARDING ORAL ARGUMENT ............................................. iii

STATEMENT OF ISSUES ......................................................................................1

STATEMENT OF THE CASE.................................................................................1

SUMMARY OF ARGUMENT ................................................................................3

ARGUMENT ............................................................................................................5

CERTIFICATE OF COMPLIANCE.......................................................................10

# **TABLE OF AUTHORITIES**

**Page**

**Cases**

*enXco Dev. Corp. v. N. States Power Co.*,
  758 F.3d 940 (8th Cir. 2014) ..................................................................................7

*In re Mr. Movies, Inc.*,
  287 B.R. 178 (Bankr. D. Minn. 2002) ...................................................................7

*United Techs. Commc'ns Co. v. Washington Cty. Bd.*,
  624 F. Supp. 185 (D. Minn. 1985) .........................................................................4

**Rules**

D. Minn. LR 67.1(a) ...................................................................................................7

## **STATEMENT REGARDING ORAL ARGUMENT**

The Trustee does not request oral argument on this appeal.

## STATEMENT OF ISSUES

Did the bankruptcy court err by granting the Trustee's motion and dismissing Hansmeier's claims with prejudice?

## STATEMENT OF THE CASE

Plaintiff Paul Hansmeier filed this case as an adversary proceeding in the Bankruptcy Court, seeking to characterize the Trustee's compliance with a prior Order of this Court in connection with his criminal prosecution as a "breach of contract" by which he hoped to receive (and apparently retain for his personal benefit) $75,000 in settlement funds despite the fact that he was ordered to pay in excess of one million dollars in restitution to his victims.

Trustee Randall L. Seaver responded to the adversary proceeding by filing a motion to dismiss, pointing out that the Bankruptcy Court could not review a District Court Order, that the Complaint failed to state a plausible claim for relief in that Plaintiff had no damages as a matter of law, and that compliance with a federal court order constituted a complete defense to a breach of contract claim. [Doc. 4.] For his part, Hansmeier then filed a motion for summary judgment, arguing that the Trustee was liable for breach of contract as a matter of law. [Doc. 6.] The Trustee joined, as a third-party defendant, the United States of America, arguing, in the alternative, that if Hansmeier was entitled to proceed with any claim against the Trustee, the United States of America should be required to return the $75,000 received as a result of

1

Judge Ericksen's prior Order, as the United States acknowledged those funds had not yet been distributed to Hansmeier's victims as restitution. Cross-motions were filed with respect to the third-party claim by the Trustee and the United States of America (which were denied as moot and are not at issue in this appeal).

The Bankruptcy Court, by Chief Judge Sanberg, granted the Trustee's motion to dismiss by Order issued January 7, 2020 [Doc. 31] and dismissed the adversary proceeding *with prejudice*. The Order specifically referenced the fact that the Trustee's motion was based in part on failure to state a claim. Importantly, the Bankruptcy Court initially found that it had "related to" jurisdiction in the first instance to consider Hansmeier's claim as an adversary proceeding related to the bankruptcy file.

The Bankruptcy Court further verbally explained its reasoning on the record at the hearing on the Trustee's motion to dismiss and the other motions filed below (but Hansmeier as appellant apparently decided not to order that transcript or otherwise designate the record). Given the circumstances of this case, the Bankruptcy Order is plainly correct and requires no further record beyond the pleadings previously filed and available. [Case No. 20-cv-00219-WMW, Doc. 8, text notice stating pursuant to Federal Rule of Bankruptcy Procedure 8010(b)(1), the Clerk of the U.S. Bankruptcy Court for the District of Minnesota gives notice that the record for this appeal is available electronically.]

Before filing the present appeal, Hansmeier filed two additional motions in the Bankruptcy Court: (1) to alter or amend the judgment for a dismissal without prejudice, and (2) to seek sanctions against counsel for the Trustee. [Docs. 35, 36.] Those motions were heard by the Bankruptcy Court on March 3, 2020, and were both denied.[1]

With respect to its denial of the motion to alter or amend the judgment, the Bankruptcy Court clearly reiterated that it had "related to" jurisdiction over the adversary case, that it had *denied* the Trustee's motion to dismiss on the basis of a lack of subject-matter jurisdiction (finding that it had subject-matter jurisdiction), and that it had granted the Trustee's motion to dismiss on the grounds that his compliance with Judge Ericksen's Order constituted a complete defense to Hansmeier's claims. As such, as a matter of law, there being no plausible set of facts that would support Hansmeier's claims, the complaint had to be dismissed pursuant to Fed. R. Civ. P. 12(b)(6), and that it should be dismissed with prejudice.

## SUMMARY OF ARGUMENT

As explained in the Trustee's motion to dismiss, payment of $75,000 in settlement proceeds to the United States of America was made in compliance with Judge Joan Ericksen's June 24, 2019, Order requiring restitution to Hansmeier's

---

[1] At the time of the filing of this brief, the transcript of the March 3 hearing was not prepared, but the audio file is available at Doc. 51 in the Bankruptcy Court File, Case No. 19-04194.

3

victims. Further, the Trustee's payment of those funds benefits Hansmeier insofar as it will reduce his obligation to pay restitution, once the funds are distributed by the United States of America. As such, it cannot form the basis of any "breach of contract" claim and there can be no damage to Hansmeier as a matter of law as a result of the Trustee's compliance with Judge Ericksen's Order. Further, Hansmeier's claim against the Trustee is an improper collateral attack on Judge Ericksen's Order.

The Bankruptcy Court's Order granting the motion to dismiss is well supported by the legal arguments contained in the record in the briefs filed by the Trustee and by third-party defendant, the United States of America, noting that the Bankruptcy Court lacked jurisdiction to review Judge Ericksen's Order in Hansmeier's criminal case (but importantly stating that "Hansmeier's claim does not require this Court to do so." Tr. at 37:18-19, Appellees' Joint Appendix, 056)[2] and that the Trustee's compliance with Judge Ericksen's Order was a complete defense to Hansmeier's breach of contract claim. [Bankr. Case No. 19-04194, Docs. 4, 27, and 29]; *see also United Techs. Commc'ns Co. v. Washington Cty. Bd.*, 624 F. Supp. 185, 190 (D. Minn. 1985) (noting the general principle that one is not liable in an

---

[2] Mr. Hansmeier was sentenced by Judge Ericksen to 168 months in prison for orchestrating a multi-million-dollar fraud scheme to obtain payments from extortion victims to settle sham copyright infringement lawsuits by lying to state and federal courts throughout the country. *See* https://www.justice.gov/usao-mn/pr/minnesota-attorney-sentenced-168-months-prison-multi-million-dollar-pornography-film.

action for breach of contract where that alleged breach was the result of a court order). As such, the Bankruptcy Court's decision was appropriate and should be affirmed. There is no set of facts under which Hansmeier could prevail on his breach of contact claim, and there is no reason for this Court or the Bankruptcy Court to modify the dismissal as one without prejudice to permit Hansmeier to pursue that same theory in other venues.

## ARGUMENT

Hansmeier argues that the Bankruptcy Court erred by dismissing his claim *with prejudice* and that as a "*pro se* prisoner" he should have been afforded a more liberal standard to allow him to proceed in this litigation. [Case No. 20-cv-00219-WMW, Doc. 11 at 6-7.] Of course, Hansmeier fails to acknowledge that he practiced for years as a litigation attorney licensed in Minnesota and is now a "*pro se* prisoner" only because of his abuse of the legal system and numerous victims, in violation of the trust placed in him as a licensed attorney. There is no remote basis for this Court to bend the rules to provide Hansmeier any special leeway or benefit of the doubt as a *pro se* party and allow his claims to proceed to trial.

Hansmeier further argues that the Bankruptcy Court's focus on Judge Ericksen's Order was "premature" and that the defenses advanced by the Trustee presented a "fact-intensive inquiry that requires a developed record." [*Id*. at 7.] As support for his argument that any dismissal should have been without

5

prejudice, Hansmeier cites Eighth Circuit law indicating that where a party lacks standing, and the Court thus concludes that subject-matter jurisdiction is absent, the dismissal should generally be without prejudice.

Unlike the cases cited by Hansmeier, the defect in the underlying adversary proceeding does not relate to standing or garden variety lack of subject-matter jurisdiction. Rather, he is attempting an end-run and collateral attack on a decision of the United States District Court from which he did not appeal. The Bankruptcy Court concluded at the January 7 hearing that it had "related to" jurisdiction under 28 U.S.C. § 1334(b) to consider and rule on the issues presented in the adversary proceeding. Having fully considered the motions presented, and under the unique circumstances of this case, there was no reason for the Bankruptcy Court to suggest there are open doors available to pursuing Hansmeier's claim against the Trustee in some other venue.

The only imaginable avenue by which Hansmeier could pursue any remedy concerning the $75,000 at issue (frivolous though it may be) is to seek relief directly from Judge Ericksen in the criminal case where the subject Order was issued, presenting the arguments he has misdirected to this Court regarding whether he was afforded due process in that action. Because Hansmeier's Complaint failed to plead any plausible claim for relief, and because there is no other venue in which

6

Hansmeier could properly file a breach of contract claim against the Trustee under the existing circumstances, the Complaint was properly dismissed *with prejudice*.

Hansmeier's last argument detailed in his opening brief is that at times, courts have found that an "impossibility" defense raised in a breach of contract claim involved fact issues that required trial. But the cases cited bear no relation to the unique facts of this case. For example, *enXco Dev. Corp. v. N. States Power Co.*, 758 F.3d 940 (8th Cir. 2014) involved whether the doctrine of temporary impracticability applied in a situation where a wind-energy project developer failed to timely obtain a certificate of site compatibility (CSC) for myriad reasons, including the developer's contention that the delay was the result of a snowstorm. In the bankruptcy case *In re Mr. Movies, Inc*., 287 B.R. 178 (Bankr. D. Minn. 2002), the court held that the debtor's bankruptcy filing did not allow it to escape liability for an agreed payment, under the doctrine of impossibility—the defense did not even apply in that self-created situation.

Here, in contrast, there are no material facts in dispute. There is plainly only one reason the Trustee paid the $75,000 to the Clerk of Court—namely, Judge Ericksen ordered that he do so. Absent such an order, the Clerk of Court would not normally even accept the funds. L.R. 67.1(a). There is no factual dispute for the Court to decide, there are no imaginable damages to Hansmeier (he will receive the benefit of the $75,000 in the form of a reduction in his restitution liability

7

once paid to victims), and there is no conceivable result that would be accomplished by prolonging this adversary proceeding and Hansmeier's ability to clog the Court's docket (or some other Court's docket in the event the dismissal were changed to be *without prejudice*).

Finally, Hansmeier argues that there was "no basis" for the Bankruptcy Court to conclude that the Trustee's compliance with Judge Ericksen's Order constituted a complete defense to Hansmeier's claim for breach of contract, but does so by questioning the validity of Judge Ericksen's Order itself—attacking it, and the process though which it was entered, as violative of his due process rights. However, and importantly, the Bankruptcy Court is not the proper venue to challenge the validity of Judge Ericksen's Order—a challenge he has notably still failed to undertake. The stated basis for the Bankruptcy Court's decision (which was restated at the hearing on March 3, 2020) was that Judge Ericksen's Order existed and was of record, that it compelled the Trustee to pay over Hansmeier's share of the settlement proceeds, and thus, *as a matter of law*, the Trustee could not have committed an actionable breach of contract as to Hansmeier. As such, the dismissal of the adversary case, with prejudice, should be affirmed.

Respectfully submitted,

**BASSFORD REMELE**
*A Professional Association*

Dated: March 6, 2020    By: */s/ Christopher R. Morris*
Christopher R. Morris (#230613)
Jeffrey D. Klobucar (#0389368)
100 South Fifth Street, Suite 1500
Minneapolis, MN  55402
cmorris@bassford.com
jklobucar@bassford.com
Telephone: (612) 333-3000
Facsimile: (612) 333-8829

***Attorneys for Randall L. Seaver, Trustee***

9

## **CERTIFICATE OF COMPLIANCE**

I hereby certify that this document conforms to the requirements of the applicable rules, is produced with a 14-point, proportionately spaced font, and the length of this document is 1,934 words. This document was prepared using Microsoft Word 2016 software.

            **BASSFORD REMELE**
            *A Professional Association*

Dated: March 6, 2020   By: */s/ Christopher R. Morris*
            Christopher R. Morris (#230613)
            Jeffrey D. Klobucar (#0389368)
            100 South Fifth Street, Suite 1500
            Minneapolis, MN  55402
            cmorris@bassford.com
            jklobucar@bassford.com
            Telephone: (612) 333-3000
            Facsimile: (612) 333-8829

            ***Attorneys for Randall L. Seaver, Trustee***