UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Paul Hansmeier,

    Appellant,

v.

Randall Seaver, *Chapter 7 Trustee*; and
United States of America,

    Appellees.

Case No. 20-cv-0219 (WMW)

**ORDER**

---

In this bankruptcy appeal, Appellant Paul Hansmeier previously challenged the bankruptcy court's dismissal with prejudice of his breach-of-contract claim against Appellee Randall Seaver, Chapter 7 Trustee, for failure to state a claim. In a July 28, 2020 Order, this Court affirmed the bankruptcy court's decision. Hansmeier now moves for rehearing pursuant to Federal Rule of Bankruptcy Procedure 8022. For the reasons addressed below, Hansmeier's motion is denied.

In bankruptcy proceedings, a district court sits as an appellate court when it reviews a bankruptcy court's factual findings and legal conclusions. *Reynolds v. Pa. Higher Educ. Assistance Agency*, 425 F.3d 526, 531 (8th Cir. 2005). In such circumstances, Federal Rule of Bankruptcy Procedure 8022 is the "sole mechanism for filing a motion for rehearing." *Am. First Fed., Inc. v. Theodore*, 584 B.R. 627, 632 (D. Vt. 2018) (quoting *In re Soundview Elite Ltd.*, No. 14-CV-7666, 2015 WL 1642986, at *1 (S.D.N.Y. Apr. 13, 2015), *aff'd* 646 F. App'x 1 (2d Cir. 2016)). Rule 8022 requires a moving party "to state with particularity each point of law or fact that the movant

believes the district court . . . has overlooked or misapprehended." Fed. R. Bankr. P. 8022(a)(2). "This standard is strict and does not provide the movant an opportunity to merely reargue his case." *Am. First Fed.*, 584 B.R. at 632 (internal quotation marks omitted). "Rather, the sole purpose of rehearing is to direct the court's attention to a material matter of law or fact which it has overlooked in deciding the case, and which, had it been given consideration, would probably have brought about a different result." *Id.* (internal quotation marks omitted). Whether to grant a motion for rehearing in a bankruptcy appeal is within the district court's discretion. *In re Fowler*, 394 F.3d 1208, 1214 (9th Cir. 2005).

In his motion for rehearing, Hansmeier argues that the bankruptcy court erred because Seaver's impossibility defense to Hansmeier's breach-of-contract claim could not be established on the face of Hansmeier's adversary complaint. According to Hansmeier, this is because Seaver "had an opportunity to avoid breaching the contract," Seaver's "failure to seize this opportunity should have doomed [Seaver's] assertion of the impossibility defense," and "this is a fact intensive argument" that should not have been resolved on a motion to dismiss. But Hansmeier presented these arguments in his appeal of the bankruptcy court's dismissal. And this Court rejected these arguments in its July 28, 2020 Order. Hansmeier does not contend that this Court "overlooked or misapprehended" any relevant legal authority. Indeed, he cites no such legal authority in support of his motion. Nor does Hansmeier present any material fact that was "overlooked or misapprehended" by the Court. To the extent that Hansmeier raises any facts or arguments that were not previously presented to the Court, he offers no

explanation as to why such facts or arguments were unavailable to him when he appealed the bankruptcy court's decision.[1]  In short, because Hansmeier's motion for a rehearing seeks merely to reargue his case, he has not established that a rehearing is warranted.

## ORDER

Based on the foregoing analysis and all the files, records and proceedings herein,

**IT IS HEREBY ORDERED** that Appellant Paul Hansmeier's motion for a rehearing, (Dkt. 19), is **DENIED**.


Dated:  October 7, 2020                    s/Wilhelmina M. Wright
                                           Wilhelmina M. Wright
                                           United States District Judge

---

[1]    In his motion for a rehearing, Hansmeier argues that Seaver could have avoided compliance with the Amended Restitution Order in Hansmeier's criminal case by immediately notifying the bankruptcy court, thereby preventing the approval of the bankruptcy settlement agreement that is the basis of Hansmeier's breach-of-contract claim.  This is a purely speculative argument as to events that did not occur.  Moreover, had such events occurred in the manner that Hansmeier hypothesizes, Hansmeier would not have had a breach-of-contract claim to begin with.  As such, Hansmeier's argument lacks merit.