UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Paul Hansmeier,                                           Case No. 20-cv-0219 (WMW)

        Appellant,
                                                 **ORDER**

v.

Randall Seaver, *Chapter 7 Trustee*,

        Appellee.

---

This matter is before the Court on Appellant Paul Hansmeier's application to proceed *in forma pauperis* (IFP) on appeal. (Dkt. 24.) The record reflects that Hansmeier qualifies financially for IFP status. Moreover, although the Court continues to believe that Hansmeier's appeal of the bankruptcy court's decision was correctly decided, Hansmeier's appeal is not frivolous, as defined by the Supreme Court of the United States. *See Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992) (defining "frivolous" as clearly baseless). Accordingly, Hansmeier's IFP application is granted, and the initial fee is calculated as follows.

Because Hansmeier is a "prisoner," the filing fee for his appeal cannot be waived altogether. 28 U.S.C. § 1915(b), (h); *Henderson v. Norris*, 129 F.3d 481, 483–84 (8th Cir. 1997) (per curiam). Instead, an order granting IFP status to a prisoner-appellant merely permits the prisoner to pay the filing fee for the appeal in installments, rather than all in advance. *In re Tyler*, 110 F.3d 528, 529–30 (8th Cir. 1997). A prisoner is required to pay an initial partial filing fee upon the commencement of an action or appeal, and a

prisoner is required to pay the remaining balance of the fee through periodic deductions from a prison trust account. 28 U.S.C. § 1915(b). The installment amount and structure is set by Section 1915(b) as follows:

> (1) Notwithstanding subsection (a), if a prisoner brings a civil action . . . in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee. The court shall assess and, when funds exist, collect, as a partial payment of any court fees required by law, an initial partial filing fee of 20 percent of the greater of —
>
> > (A) the average monthly deposits to the prisoner's account; or
> >
> > (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint . . . .
>
> (2) After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.
>
> (3) In no event shall the filing fee collected exceed the amount of fees permitted by statute for the commencement of a civil action . . . .
>
> (4) In no event shall a prisoner be prohibited from bringing a civil action . . . for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee.

In this case, Hansmeier's trust-account form reflects that his average monthly deposits are $85.86 and his average monthly balance is $86.99.[1] Hansmeier's initial partial filing fee in this case, under the formula prescribed by 28 U.S.C. § 1915(b)(1), will be $17.40, which is 20 percent of the average monthly balance, because that is the higher monthly amount. If Hansmeier elects to pursue this action through payment of the $17.40 initial partial filing fee, the remaining balance of the $505.00 statutory filing fee must be paid in later installments.[2] Prison officials will be ordered to deduct funds from Hansmeier's trust account and submit such funds to the Court, as provided by Section 1915(b)(2), regardless of whether Hansmeier succeeds in this action.

## ORDER

Based on the foregoing analysis and all the files, records and proceedings herein,

**IT IS HEREBY ORDERED** that Appellant Paul Hansmeier's application to proceed *in forma pauperis* on appeal, (Dkt. 24), is **GRANTED**, and Hansmeier shall pay the initial fee of $17.40 to maintain this appeal.

Dated:  December 2, 2020         s/Wilhelmina M. Wright
                                 Wilhelmina M. Wright
                                 United States District Judge

---

[1] The standard certified form requests a prisoner's average monthly balance, but it appears that either a prison official or Hansmeier crossed out "monthly" and wrote "daily." This would mean that Hansmeier has $2,607 per month in prison, despite receiving only an $85 deposit. Because such a calculation appears to be inaccurate, the Court will treat the average monthly balance as $86.99 for purposes of this Order.

[2] The statutory filing fee for new appeals is $505. *See* 28 U.S.C. § 1913; 28 U.S.C. § 1917.